UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ADRIEN MORALES,<br><br>            Plaintiff,<br><br>    v.<br><br>DARIN BALAAM, *et al.*,<br><br>            Defendants. | Case No.: 3:22-cv-00510-MMD-CSD<br><br>ORDER<br><br>(ECF No. 1) |

On November 15, 2022, *pro se* plaintiff Adrien Morales, an inmate in the custody of the Nevada Department of Corrections, submitted a complaint under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1-1, 1). Plaintiff's IFP application is incomplete because **Plaintiff did not include a Financial Certificate that is signed by both the inmate and a prison or jail official**. The Court will therefore deny Plaintiff's IFP application and grant him an extension of time to either pay the full $402 filing fee for a civil action or file a new fully complete IFP application.

**I.    DISCUSSION**

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). The fee for filing a civil-rights action is $402, which includes the $350 filing fee and the $52 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Nev. Loc. R. Prac. LSR 1-1. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

To apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court:

1.    A completed **Application to Proceed *in Forma Pauperis* for Inmate** (pages 1–3 of the Court's form) that is properly signed by the inmate twice

on page 3;

2. A completed **Financial Certificate** (page 4 of the Court's form) that is properly signed by both the inmate and a prison or jail official; and

3. A copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**.

See 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. Prac. LSR 1-2. Plaintiff's IFP application is incomplete because Plaintiff did not include a completed Financial Certificate that is signed by both the inmate and a prison or jail official.

II. **CONCLUSION**

It is therefore ordered that the application to proceed in forma pauperis (ECF No. 1) is denied without prejudice.

It is further ordered that on or before **February 13, 2023**, Plaintiff Morales must either pay the $402 filing fee for a civil action or file with the Court (1) a new fully complete Application to Proceed in forma pauperis for Inmate on the Court's approved form; (2) a Financial Certificate properly signed by both the inmate and a prison or jail official; and (3) a copy of the inmate's prison or jail trust fund account statement for the previous six-month period or, if shorter, for the dates that he has been at the facility.

Plaintiff Morales is cautioned that this action will be subject to dismissal without prejudice if he fails to either pay the filing fee or properly apply to proceed in forma pauperis **by February 13, 2023**. A dismissal without prejudice allows a plaintiff to refile his claims with the Court under a new case number.

The Clerk of the Court is directed to send Plaintiff Morales the approved form application to proceed in forma pauperis for an inmate and instructions for the same, and to retain the complaint (ECF No. 1-1) but not file it at this time.

DATED THIS 14th day of December 2022.


UNITED STATES MAGISTRATE JUDGE