UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ADRIEN MORALES, <br><br> Plaintiff, <br> v. <br> BULLINGTON, *et al.*, <br><br> Defendants. | Case No. 3:22-cv-00510-MMD-CSD <br><br> ORDER |

Plaintiff Adrien Morales, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), submitted a civil rights complaint under 42 U.S.C. § 1983, contending that his constitutional rights were violated when he was a pretrial detainee housed at the Washoe County Detention Facility. (ECF No. 15 at 1.) United States Magistrate Judge Craig S. Denney permitted a single Fourteenth Amendment claim against Defendants Bullington and the John Doe Naphcare doctor who treated him alleging reckless disregard of Morales' medical needs to proceed past the screening of his First Amended Complaint. (*Id.* at 11.) On July 15, 2024, the Court issued a notice of intent to dismiss Bullington and the John Doe Naphcare doctor under Fed. R. Civ. P. 4(m) unless proof of service was filed by August 14, 2024. (ECF No. 19.) To date, no proof of service has been filed as to Bullington and the John Doe Naphcare doctor, though Morales filed a purported Second Amended Complaint ("SAC") without first obtaining leave of Court. (ECF No. 20.) Because the deadline to serve Bullington and the John Doe Naphcare doctor has expired, the Court will dismiss them from this case without prejudice. The Court will further strike the purported SAC and dismiss this whole case without prejudice because Bullington and the John Doe Naphcare doctor are the only remaining defendants in this case.

///

As noted, Judge Denney let one claim past screening but ordered Morales to submit completed USM-285 forms to the United States Marshals Service by April 4, 2024, so they could complete service on his behalf. (ECF No. 15.) At Morales' request, Judge Denney gave him an extension of this deadline until June 10, 2024, but warned Morales he was unlikely to get any further extensions. (ECF No. 18.) Morales did not meet that deadline, and as noted, did not meet the extended deadline either. (ECF No. 19.)

Plaintiff previously filed an amended complaint. (ECF No. 14.) Fed. R. Civ. P. 15(a)(1) only permits one amendment as a matter of course. Judge Denney did not permit Morales to file his SAC either. (ECF No. 15.) In other words, Morales filed his SAC without implicit or explicit advance approval. For these reasons, the Court exercises its inherent power to manage its docket by striking Morales' SAC. *See Destfino v. Reiswig*, 630 F.3d 952, 958-59 (9th Cir. 2011) (affirming dismissal of a second amended complaint while noting that a plaintiff is "entitled to only one amendment as a matter of right" and mentioning that a court may dismiss an amended complaint when the plaintiff fails to comply with prior court orders, also finding that "the court acted well within its inherent power to control its docket by dismissing the complaint with prejudice").

It is therefore ordered that Bullington and the John Doe Naphcare doctor are dismissed from this case without prejudice under Fed. R. Civ. P. 4(m).

The Clerk of Court is directed to strike the SAC (ECF No. 20) from the docket.

It is further ordered that this case is dismissed, in its entirety, without prejudice.

The Clerk of Court is further directed to close this case.

DATED THIS 21st Day of August 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE